UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NIPPER, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PENN FOSTER, LLC.<br><br>　　　　　Defendant. | Case No. 1:23-cv-01655-CDB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 7) |

　　　　On November 28, 2023, Plaintiff Joseph Nipper ("Plaintiff") filed the operative complaint in which he asserts claims on behalf of himself and a putative class against Defendant Penn Foster, LLC ("Defendant"). (Doc. 1). Defendant has not filed an answer to the complaint.

　　　　Pending before the Court is Plaintiff's notice of voluntary dismissal without prejudice. (Doc. 7). As Plaintiff's notice of voluntary dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiff is entitled to dismiss his individual claims (at least) without court order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class <u>proposed to be certified for purposes of settlement</u> ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added). In this case, Plaintiff seeks to dismiss the

putative class claims pursuant to Rule 41(a)(1) without prejudice.  (Doc. 7).  No class has been certified, Plaintiff has not sought certification, nor has certification been proposed for purposes of settlement.

Because no class has been certified in this case, and because any dismissal would not affect putative class members' claims, Rule 23(e) does not mandate either Court approval of the parties' settlement or notice to putative class members.  *See Titus v. BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of Plaintiff's filing that is consistent with Rule 41(a)(1)(A)(i) and the Court's finding above that under the circumstances, Rule 23(e) does not require Court approval of the dismissal, this action has been terminated by operation of law without further order of the Court.  *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

IT IS SO ORDERED.

Dated:   **December 21, 2023**

UNITED STATES MAGISTRATE JUDGE